UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ANTONIO SANDOVAL, | Civil Action No. 18-2477 |
| Plaintiff, | |
| - against – | |
| | **COMPLAINT** |
| WG & Associates Mgmt & Dev. LLC; WG Associates 111 Street, LLC; and William Guererro, | |
| | **Jury Trial Demanded** |
| Defendants. | |

---

Plaintiff Antonio Sandoval (the "Plaintiff"), on behalf of himself, by and through his attorney, Mohammed Gangat, Esq., files this Complaint against Defendants WG & Associates Mgmt& Dev. LLC;WG Associates 111 Street, LLC; and William Guererro, and alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages on that amount, (3) pre-judgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL", he is entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) liquidated

damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because at least one defendant resides in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff Antonio Sandoval ("Plaintiff" or "Antonio") is an adult, over eighteen years old, who currently resides in New York County in the State of New York.

6. Defendant WG & Associates Mgmt& Dev. LLC (the "Corporate Defendant" or "WG & Associates Mgmt& Dev.") is an entity of unknown state of incorporation and with a principal place of business at 239 East 111th Street, New York, NY 10029.

7. Defendant WG Associates 111 Street, LLC (the "Corporate Defendant" or "WG Associates 111 Street") is a domestic corporation organized under the laws of the State of New York, with a principal place of business at 161 East 106th Street, New York, NY 10029.

8. Defendant William Guererro ("Individual Defendant") is the co-owner,

shareholder, director, supervisor, managing agent, and/or proprietor, of the Corporate Defendants, who actively participates in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and theRegulations thereunder, and is jointly and severally liable with the Corporate Defendants.

9. Defendants exercise control over the terms and conditions of their employees' employment, in that they havethe power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

10. At all relevant times, WG & Associates Mgmt& Dev met the definition of an "employer" under all applicable statutes.

11. At all relevant times, WG Associates 111 Streetmet the definition of an "employer" under all applicable statutes.

12. At all relevant times, William Guererro met the definition of an "employer" under all applicable statutes.

13. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, controlled the employment of Plaintiff and were responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

14. Defendants hired and continuously employed plaintiff Antonio Sandoval ("Plaintiff") to work as a cleaning and maintenance laborer in the State of New Yorkfor a period extending beyond prior to the six year period preceding the filing of this lawsuit.

15. During this nearly decade-long employment, Plaintiff never took less than five vacations, none totaling more than a week.

16. Week after week, month after month, and year after year, Plaintiff diligently performed each and every duty required of him by the Defendants.

17. His duties included clean various offices, sweep and mop floors at various buildings, and take out the garbage and recycling at various offices and various buildings.

18. On occasion, he was responsible for snow removal and other building emergencies.

19. The work performed by Plaintiff was directly essential to the business operated by Defendants.

20. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

21. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

22. Defendants continuously employed Plaintiff, Antonio Sandovalin the six year period immediately preceding the filing of this lawsuit.

23. Plaintiff was responsible for cleaning various offices, sweeping and mopping floors at various buildings, and taking out the garbage and recycling at various offices and buildings.

24. Plaintiff performed work at the following buildings: 207 East 105th Street; 225 East 105th Street; 301 East 102nd Street; 161 East 106th Street, and 163 East 106th Street.

25. Defendants supervised and controlled Plaintiff's work schedule.

26. Defendants determined Plaintiff's rate of pay.

27. Upon being hired, Defendants instructed Plaintiff to work and Plaintiff did in fact work a regular schedule consisting of six (6) days a week, each day working from 6 AM to 4 PM.

28. On occasion he worked additional hours because the Defendants called him into work to attend to snow removal and other building emergencies.

29. Defendants instructed Plaintiff not to punch in when he came in at 6 AM.

30. Instead, Defendants had one of their agents punch him in everyday at 7 AM.

31. This resulted in Plaintiff being underpaid by one hour each day he worked.

32. When Plaintiff requested to receive additional pay for this off-the-clock work, Defendants informed him that he would be terminated if he insisted on receiving such pay.

33. Likewise, when Defendants required Plaintiff to work additional hours on account of emergencies such as snow removal or other building maintenance and repair emergencies, Defendants would not count that time and did not provide any wages to compensate Plaintiff for that time.

34. Plaintiff is a covered employee of the Defendants within the meaning of the FLSA and NYLL.

35. Defendants did not pay Plaintiff the proper overtime wages as required by law for all hours worked over 40 in a workweek.

36. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half) for all hours worked over 40, in direct violation of the FLSA and New

York Labor Law and the supporting federal and New York State Department of Labor Regulations.

## STATEMENT OF CLAIM

### COUNT I

### [Violation of the Fair Labor Standards Act]

37. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "36" of this Complaint as if fully set forth herein.

38. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

40. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

41. Plaintiff is entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

42. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

43. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one- half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

44. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff.

45. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

46. Defendants failed to properly disclose or apprise Plaintiff his rights under the FLSA.

47. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

48. Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

49. Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### [Violation of the New York Labor Law]

50. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "49" of this Complaint as if fully set forth herein.

51. Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

52. Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay Plaintiff required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

53. Defendants failed to properly disclose or apprise Plaintiff his rights under the New York Labor Law.

54. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

55. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

56. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

57. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

58. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for overtime compensation for all overtime hours, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

59. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Antonio Sandoval, respectfully requests that this Court grant the following relief:

i. An award for unpaid overtime compensation due under the FLSA and New York Labor Law;

ii. An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

iii. An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

iv. An award of civil penalties pursuant to the New York State Wage Theft Prevention Act in the amount of $50 for each workweek Defendants failed to provided Plaintiff proper annual wage notices as provided by NYLL Article 6, Section 198, and statutory penalties in the amount of $100 for each workweek Defendants failed to provided Plaintiff proper wage statements as provided by NYLL Article 6, Section

198

v. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the NYLL and supporting regulations;

vi. An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL.

vii. An award of prejudgment and post-judgment interest;

viii. An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and

ix. Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
    March 20, 2018     **LAW OFFICE OF MOHAMMED GANGAT**

By: _____

Mohammed Gangat, Esq.
675 3rd Avenue, Suite 1810
New York, NY
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff Antonio Sandoval*