**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------- x

Antonio Sandoval,                                          :     Civil Action No. 18-2477-JMF
                                                                        :
                        Plaintiff,                                 :
  - against –                                                     :     **AMENDED**
                                                                        :     **FLSA COLLECTIVE ACTION and**
WG & Associates Mgmt & Dev. LLC;             :     **RULE 23 CLASS ACTION**
WG Associates 111 Street, LLC; William        :     **COMPLAINT**
Guererro; and CDC E 105 ST Realty, LP        :
                                                                        :
                        Defendants.                          :     **Jury Trial Demanded**

---------------------------------------------------- x

Plaintiff Antonio Sandoval ("Plaintiff"), on behalf of himself and others similarly situated, by and through his attorney, Mohammed Gangat, Esq., files this complaint against defendants WG & Associates Mgmt & Dev. LLC; WG Associates 111 Street, LLC; William Guererro; and CDC E 105 ST Realty, LP (collectively, "Defendants") and alleges upon personal knowledge as to and upon information and belief as to other matters, as follows:

**NATURE OF THE ACTION**

1.       Plaintiff worked for defendants for over a decade in a dual-role, cleaning a large commercial office space in the morning, and then spending the rest of each day serving as the porter at commercial and residential real estate buildings that are, upon information and belief, owned and/or managed by the Defendants.

2.       Throughout the course of his employment, Defendants paid Plaintiff a weekly salary equivalent to the minimum wage multiplied by 48 hours, despite the fact that Plaintiff's regular schedule had him working 54 hours each week (6 days, 6am-4pm, with one hour lunch break) and despite the fact that Plaintiff was required to perform snow removal at over nine buildings every time there was a snowstorm, and all of those hours spent performing snow removal were in addition to the 54 hours he regularly worked each week.

3.      Defendants also retaliated against Plaintiff by terminating him when he and his wife refused to terminate a lease that was in his wife's name.  Defendants brazenly asserted that the lease in Plaintiff's wife name be immediately surrendered and put in Plaintiff's name, otherwise Plaintiff's employment would be terminated.  When Plaintiff and his wife refused to do as asked, Plaintiff was fired.

4.      This action is brought as a collective action pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), to recover for Plaintiff and others similarly situated a judgment awarding: (1) unpaid minimum wand overtime wages, (2) liquidated damages in an amount equal to the unpaid overtime award, (3) pre-judgment and post-judgment interest, and (4) attorneys' fees and costs.

5.      Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL", he and a class of similarly situated current and former employees of Defendants are entitled to recover from Defendants: (1) unpaid minimum wage compensation; (2) unpaid overtime compensation; (3) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (4) statutory penalties for failure to provide proper wage notices and statements; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

6.      Plaintiff also brings this action under 29 U.S.C. § 215(a)(3) and the NYLL § 215 to remedy Defendants' retaliatory termination of his employment following he and his wife's refusal to surrender her rights under a residential real estate lease and seeks all damages available to him under 29 U.S.C.A. § 216(b) and NYLL § 215(2)(a), including but not limited to reinstatement, back pay, front pay, compensatory and punitive damages, as well as attorneys' fees and costs.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

8.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because at least one defendant resides in the district and the conduct making up the basis of the complaint took place in this judicial district.

9.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

10.     Plaintiff is an adult, over eighteen years old, who currently resides in New York County in the State of New York.

11.     Upon information and belief, at all times relevant to this Complaint, Plaintiff was an employee of Defendants within the meaning of the FLSA, 29 USC § 203(e) and NYLL § 190(2).

12.     Upon information and belief, at all times relevant to this Complaint, Defendants were employers of Plaintiff within the meaning of the FLSA, 29 USC § 203(d), and NYLL § 190(3).

13.     A written consent form for Plaintiff's consent to bring this action as a collective action under the FLSA has already been filed in this action.

14.     Defendant WG & Associates Mgmt & Dev. LLC (the "Corporate Defendant" or "WG & Associates Mgmt & Dev.") is an entity of unknown state of incorporation and with a principal place of business at 239 East 111th Street, New York, NY 10029.

3

15.     Defendant WG Associates 111 Street, LLC (the "Corporate Defendant" or "WG Associates 111 Street") is a domestic corporation organized under the laws of the State of New York, with a principal place of business at 161 East 106th Street, New York, NY 10029.

16.     Defendant CDC E 105 ST Realty, LP is a business entity registered in the State of New York under the legal form of Domestic Limited Partnership.

17.     Each of the Corporate Defendants is, upon information and belief, a real estate company that owns and/or manages multiunit residential apartment complexes and office space throughout New York City.

18.     Defendant William Guererro ("Individual Defendant") is the co-owner, shareholder, director, supervisor, managing agent, and/or proprietor, of the Corporate Defendants, who actively participates in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

19.     Individual Defendant directed various other individuals and entities to create a policy of not paying employees properly, and to ensure the viability of that policy, directed those various other individuals and entities to follow a policy of not providing notices as required under the Fair Labor Standards Act and New York Labor Law and related regulations.

20.     Defendants exercise control over the terms and conditions of their employees' employment, in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

21.     Upon information and belief, Plaintiff was employed in an enterprise that has employees selling, handling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce and has gross revenue of more than $500,000.

22.     Upon information and belief, Defendants share common labor policies and practices.

23.     Upon information and belief, Defendants own numerous other residential complexes in the City of New York, in addition to those at which the named Plaintiff worked.

24.     Upon information and belief, at all relevant times, Defendants jointly employed Plaintiff and had the power to hire and fire him, supervised and controlled his work schedules and the conditions of his employment, determined the rate and method of their payment, and maintained his employment records.

25.     The work performed by Plaintiff was a discrete job that was integral and directly essential all of Defendants' businesses.

26.     Upon information and belief, Plaintiff worked in the premises and used equipment owned by different Defendants those by whom they were formally controlled.

27.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

28.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

29.     Plaintiff Antonio Sandoval began working for Defendants around 2008-2009 and continued working for Defendants until he was fired in January 2018.

30.     The employment began when Plaintiff met with Individual Defendant William

Guerrero at an office for a job interview.

31.     Upon being hired, Mr. Guerrero, acting on behalf of himself, and, upon information and belief on behalf of the Defendants, instructed Plaintiff to work and Plaintiff did in fact work a regular schedule consisting of six (6) days a week, each day working from 6 AM to 4 PM throughout the employment.

32.     On occasion Plaintiff worked additional hours because the Defendants required him to perform snow removal at their buildings during every snowstorm.

33.     Throughout the employment, Plaintiff began each day at 6am cleaning an office at 163 E 106th Street.

34.     That office is bigger than six hundred (600) square feet, consisting of three rooms and two bathrooms.

35.     To perform this cleaning duty, Plaintiff was required to mop all floor surfaces, clean all windows, clean both bathrooms, collect and take out all trash and recycling, and clean desk and other interior surfaces.

36.     After finishing cleaning the office, which was right around 7am he would proceed to 239 East 111th street to punch in; however, around 2015, Individual Defendant instructed Plaintiff to no longer come punch in and instead another employee, "Tejada", would punch Plaintiff in at 7 AM every morning.

37.     After cleaning the office between 6 AM and 7 AM, Plaintiff was required to perform porter services at several residential buildings.

38.     At each building he was required to perform porter services, Plaintiff was required to sweep and mop all hallways, entrances, and other public and common areas in and around the building, including the backyard.  Plaintiff was also required to collect, sort and take

6

out all trash and recycling.

39.     The volume of trash and recycling has increased significantly year-over-year throughout the employment period, with more and more residents getting large shipments which involve lots of packaging materials that must be carefully sorted and put out for recycling pick up.

40.     Failure to properly sort and put-out recycling materials for pick up can lead to large fines against owners of the building.

41.     For this reason, Defendants required Plaintiff to perform his sorting and taking out duties very carefully and without error.

42.     The first and second buildings Plaintiff would go to in the workday were 161 and 163 East 106th Street.  Each is a four-floor, eighteen unit apartment building.

43.     Next was 207 East 105th Street, a six-floor, twenty unit apartment building.

44.     Then 225 East 105th Street, a five-floor, twelve unit apartment building.

45.     Followed by 301 East 102nd Street, five floor, sixteen unit apartment building.

46.     And, finally, 161 and 163 East 106th Street, consisting of four floors and eighteen units of residential apartments.

47.     Everytime there was a snowstorm, Plaintiff was expected to be at all of these buildings to attend to snow removal.

48.     He was also expected to work with two individuals, Jose Tejada and another employee, to perform snow removal at four other buildings (in addition to the buildings listed above) every time there was a snowstorm.

49.     When performing these snow removal duties, Plaintiff worked additional hours beyond his regular 6 AM - 4 PM schedule, but Defendants provided no compensation for those

hours.

50.     Upon information and belief, the buildings where Plaintiff performed snow removal are all buildings managed and/or owned by the Defendants.

51.     As a result of Defendants' policies and practices, Plaintiff was not being paid for six hours each week, and in weeks when there was a snowstorm(s), additional hours beyond those six were also worked and unpaid.

52.     Instead of paying for all of the hours worked, which were always over 48, Defendants always paid Plaintiff a weekly salary equivalent to the minimum due for a forty eight (48) hour workweek and provided him wage statements reflecting that payment.

53.     The amount of this weekly payment was increased on several occasions throughout the employment period, including several occasions after April 9, 2011.

54.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half) for all hours worked over 40, in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

55.     Week after week, month after month, and year after year, Plaintiff diligently performed each and every duty required of him by the Defendants while suffering these violations of law.

56.     During this nearly decade-long employment, Plaintiff never took less than five vacations, none totaling more than a week.

57.     In late 2017, Defendants demanded that a lease in his wife's name be surrendered.

58.     Defendant CDC E 105 ST Realty, LP owned and/or managed the building where

Plaintiff's wife resided and had a lease.

59.     Upon information and belief, the other Defendants were also owners and/or managers of the building.

60.     Defendants demanded Plaintiff have his wife surrender the lease otherwise he would be terminated.

61.     When Plaintiff and his wife refused, Plaintiff was terminated.

## COLLECTIVE ACTION ALLEGATIONS

62.     Plaintiff brings his FLSA claims on behalf of himself and all similarly situated persons who work or have worked for Defendants as general laborers at any point over the 3 years preceding the filing date of this Amended Complaint and who were required to work starting at 6am but only paid starting from 7am, and were required to work extra hours beyond their regular schedule for snow removal duties without any compensation for those hours. (the "Collective Class Members").

63.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff, and as such, notice should be sent to all others similarly situated. There are numerous similarly situated current and former employees of Defendants who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join.

64.     Another two employees employed by Defendants, whose names Plaintiff wishes to keep confidential at this early stage of the litigation, were not paid by Defendants for one hour each day and not paid for snow removal duties.  These other employees have told Plaintiff they are afraid to come forward with their claims or join this lawsuit because they are still employed by Defendants and fear Defendants will terminate them if were to do so.

65.     Plaintiff has spoken to several other employees beyond these two employees, and all of these employees work in buildings owned and or managed by Defendants and have of the same wage theft violations as Plaintiff.

66.     The vast majority of FLSA Collective Class members, including present and former employees over the relevant statutory period, are unknown, and information regarding the precise number of Collective Class members is in the sole control of Defendants.  Upon information and belief, there are at least 25 FLSA Collective Class members, and could be significantly more.

## CLASS ACTION ALLEGATIONS

67.      Plaintiff sues on his own behalf and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(3) ("Rule 23 Class"). As noted above, the persons in the Rule 23 Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendants, upon information and belief there are at least around 50 Class Members, and there could be significantly more.

68.     There are questions of law and fact common to the Rule 23 Class Members that predominate over any questions affecting only individual members, including:

> a.  Whether Defendants employed and/or jointly employed Plaintiff and putative Rule 23 Class Members under New York law;
>
> b.  Whether Defendants paid Rule 23 Class Members lawful wages under the NYLL;
>
> c.  Whether Defendants provided to their employees, at the time of each employee's hire and on or before February first of each subsequent year of that employee's employment, notices meeting the requirements outlined in

NYLL § 195(1)(a); and

    d.  Whether Defendants provided to their employees, with each payment of wages and wage statements meeting the requirements outlined in NYLL § 195(3).

69.    The claims of representative parties are typical of the claims of the Class.

70.    The representative parties and their counsel will fairly and adequately protect the interests of the Class.

71.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

72.    Defendants have acted on grounds generally applicable to the Class, thereby making relief, including declaratory and/or injunctive relief, appropriate for the Class.

## CLASSWIDE FACTUAL ALLEGATIONS

73.    Plaintiff brings FLSA and NYLL claims on behalf of himself and all similarly situated persons ("Class Members") employed by Defendants.

74.    Plaintiff was, at various times between 2009 and the present, employed as a general cleaning worker in buildings owned and/or operated by Defendants in New York.

75.    As a cleaning worker, the job duties of the Plaintiff and those similarly situated ("Class Members") included, performing maintenance and cleaning services and residential and office buildings owned by the Defendants.

76.    All of the work that Plaintiff and proposed Class Members performed was assigned by Defendants and/or Defendants were aware of all the work performed by Plaintiff and Class

Members, as well as hours that Plaintiff and Class Members worked.

77.     When Plaintiff and Class Members accepted employment with Defendants, they were hired to work at fixed weekly rates, representing an hourly rate at or above minimum wage and 48 hours of work; however, Plaintiff and Class Members were routinely required to work 1 additional off-the-clock hour each workday, *i.e.* start work at 6am but punch-in and get paid for starting at 7am, and spend additional hours to perform snow removal duties for which they were never paid.

78.     At all relevant times, Defendants had the right to control, and did in fact control, the hours, hourly pay, assignments and schedules of the named Plaintiff and other employees working at the residential complexes Defendants own and/or manage.

79.     As described above, Defendants failed to pay the named Plaintiff and Class Members minimum wages as required by law and/or overtime wages at a rate of one and one-half times their regular pay of hours worked in excess of 40 per work week.

80.     At all relevant times, Defendants failed to keep complete and/or accurate records of the hours worked by and wages paid to the named Plaintiff.

81.     As part of their regular business practices, Defendants intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and NYLL. This pattern or practice includes, but is not limited to:

   a.  Failing to record hours or to establish, maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records;

   b.  Willfully failing to pay Plaintiff and Class Members required minimum wages and/or one and one half times their regular rate of pay for hours worked in excess of forty per work week;

12

    c.    Failing to provide Plaintiff and Class Members with a required wage notice either at the time they were hired or annually as required by NYLL § 195(1)(a); and

    d.    Failing to provide Plaintiff and Class Members with wage statements upon each payment of wages as required by NYLL § 195(3).

82.    At all relevant times, Defendants failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

83.    Upon information and belief, Defendants' unlawful conduct as described herein is pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

84.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

## STATEMENT OF CLAIM

## FIRST CAUSE OF ACTION: FLSA OVERTIME

85.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "88" of this Complaint as if fully set forth herein.

86.    Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

87.    Plaintiff consents to be a party to this action, pursuant to 29 U.S.C § 216(b).

88.    At all times relevant to this action, Plaintiff and Class Members were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d)

89.    At all times relevant to this action, Plaintiff and Class Members were engaged in commerce and the corporate Defendants were enterprises engaged in commerce within the meaning of 29 U.S.C. § § 206(A) and 207(a).

90.     Defendants violated the rights of Plaintiff and Class Members by failing to pay them the minimum wage for each hour worked in each discrete work week, in violation of the FLSA, 29 U.S.C § 206(a)(1).

91.     Defendants failure to pay Plaintiff and Class Members the minimum wage was willful within the meaning of the FLSA, 29 U.S.C. § 255.

92.     Defendants are liable to Plaintiff and Class Members for their unpaid minimum wages, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION: FLSA OVERTIME

93.     Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

94.     Defendants violated the rights of Plaintiff and Class Members by failing to pay overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 per week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

95.     Defendants' failure to pay Plaintiff and Class Members overtime compensation was willful within the meaning of the FLSA, 29 U.S.C § 255.

96.     Defendants are liable to Plaintiff and Class Members for their unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION: NYLL MINIMUM WAGE

97.     Plaintiff alleges and incorporates by reference the allegations contained in the preceding paragraphs.

98.     Defendants violated the rights of Plaintiffs and Class Members by failing to pay

them the minimum wage for each hour worked in violation of the NYLL.

99.     As a result of Defendants' violation of the NYLL, Plaintiff and Class Members are entitled to the minimum rate of pay that they were legally due under the NYLL's minimum wage provisions as well as liquidated damages, interest, attorney's fees.

## FOURTH CAUSE OF ACTION: NYLL OVERTIME

100.    Plaintiff alleges and incorporates by reference the allegations contained in the preceding paragraphs.

101.    NYLL § 160 requires employers to compensate their employees at a rate not less than one-and-one-half times their regular rate of pay for any hours worked in excess of 40 per week.

102.    Plaintiff and Class Members were required to work in excess of 40 hours per week without being compensated for those hours at the statutorily required rate.

103.    Defendants' violation was willful and lasted for the duration of all relevant time periods.

104.    Defendants are therefore liable to Plaintiffs and Class Members for their unpaid overtime compensation, plus liquidated damages, reasonable attorneys' fees and costs, and any other appropriate relief.

## FIFTH CAUSE OF ACTION: NYLL ANNUAL NOTICE

105.    Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

106.    Pursuant to NYLL 195(1)(a), every employer is required to

107.    provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, and on or before

February first of each subsequent year of the employee's employment with the employer, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one if this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

108.

109.    Defendants knowingly failed to comply with this provision by failing to provide Plaintiff and Class Members with any kind of notice at the time of hiring or annually, whatsoever, let alone a notice meeting the requirements laid out in Section 195(1)(a).

110.    NYLL § 198(1)(b) provides that any employee not provided such notice may collect damages for $50 for each work day that the violation occurred or continued to occur, up to a total of $5,000 per employee (together with costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief).

111.    During the course of Plaintiff and Class Members' employment, Defendants consistently and willfully failed to provide them with adequate annual notices as required by New York law.

112.    Defendants are therefore liable to Plaintiff and Class Members in the amount of $5,000 per employee, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

16

**SIXTH CAUSE OF ACTION: NYLL WAGE STATEMENTS**

113.    Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

114.    Pursuant to NYLL § 195(3), every employer is required to furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances; if any, claimed as part of the minimum wage; and net wages.

115.    Defendants knowingly failed to comply with this provision by failing to provide Plaintiff and Class Members with wage statements meeting the requirements laid out in the preceding paragraph.

116.    NYLL § 198(1)(d) provides that any employee not provided appropriate wage statements may collect damage of $250 for each work day that the violation occurred or continued to occur, up to a total of $5,000 per employee (together with costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief).

117.    During the course of Plaintiff and Class Members' employment, Defendants consistently and willfully failed to provide them with adequate wage statements as required by New York law.

118.    Defendants are therefore liable to Plaintiff and Class Members in the amount of $5,000 per employee, plus reasonable attorney's fees and costs and any other relief appropriate pursuant to NYLL § 198.

**SEVENTH CAUSE OF ACTION: FLSA RETALIATION**

17

119.    Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

120.    Defendants violated 29 U.S.C. § 215(a)(3) when they terminated Plaintiff's employment in retaliation for his initiation of this lawsuit.

121.    Defendants are therefore liable to Plaintiff for damages under 29 U.S.C. § 216(b).

### EIGHTH CAUSE OF ACTION: NYLL RETALIATION

122.    Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

123.    Defendants violated the NYLL § 215(a)(3) when they terminated Plaintiff's employment.

124.    Defendants are there for liable to Plaintiff for damages under NYLL § 215(2)(a).

### PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Antonio Sandoval, respectfully requests that this Court grant the following relief:

i.    An award for unpaid overtime compensation due under the FLSA and New York Labor Law;

ii.    An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

iii.    An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

iv.    An award of civil penalties pursuant to the New York State Wage Theft Prevention Act in the amount of $50 for each workweek Defendants failed to provided Plaintiff and

any class member proper annual wage notices as provided by NYLL Article 6, Section 198, and statutory penalties in the amount of $100 for each workweek Defendants failed to provided Plaintiff and any class member proper wage statements as provided by NYLL Article 6, Section 198

v.    Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the NYLL and supporting regulations;

vi.    An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL.

vii.    An award of prejudgment and post-judgment interest;

viii.    An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and

ix.    Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
      June 19, 2018

**LAW OFFICE OF MOHAMMED GANGAT**

By:

_____

Mohammed Gangat, Esq.
675 3rd Avenue, Suite 1810
New York, NY
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff Antonio Sandoval and Rule 23 Proposed Class and FLSA Proposed Collective*

19